UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-81129-McCabe

JIMMY LAFAILLE,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

_________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (DE 3) and various filings seeking emergency injunctive relief (DE 1, DE 4, DE 5, DE 7, DE 8) (collectively, "Emergency Requests"). By separate Order entered contemporaneously with this Report and Recommendation, the undersigned has directed the Clerk of Court to reassign this case to a United States District Judge. To facilitate the newly assigned District Judge's consideration of the pending requests, the undersigned issues this Report and Recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Complaint (DE 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that the Emergency Requests (DE 1, DE 4, DE 5, DE 7, DE 8) and Application (DE 3) be **DENIED WITHOUT PREJUDICE**. Alternatively, the Emergency Requests and the Application are independently deficient and should be **DENIED** for the reasons discussed below.

## I. <u>SUBJECT MATTER JURISDICTION</u>

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc*., 760 F.2d 1249, 1251 (11th Cir. 1985) (cleaned up). Courts must "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp*., 236 F.3d 1292, 1299 (11th Cir. 2001). "The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction." *Torreyes v. Godiva Chocolatier, Inc*., 424 F. Supp. 3d 1276, 1279 (S.D. Fla. 2019). Once a court determines that subject matter jurisdiction does not exist, it lacks authority to continue. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A plaintiff may establish subject matter jurisdiction through either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction extends to civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The federal question must appear on the face of a well-pleaded complaint." *First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983). Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A complaint must allege the parties' citizenship, not merely their residence. *Travaglio v. Am. Exp. Co*., 735 F.3d 1266, 1269 (11th Cir. 2013).

The Complaint fails to establish federal-question jurisdiction. Although refers generally to federal law, the Complaint asserts only one count for gross negligence and breach of fiduciary duty. (DE 1 at 3, 5). These causes of action arise under state law. Plaintiff does not identify a

federal statute creating her cause of action or allege facts showing that JPMorgan discriminated against her because of a disability or otherwise violated federal civil rights law. Her conclusory references to federal law, standing alone, do not transform her state law claims into federal claims.

The Complaint also fails to establish diversity jurisdiction. Plaintiff alleges that she resides in Palm Beach County, Florida, but she does not allege her citizenship. (DE 1 at 1). Likewise, Plaintiff alleges that JPMorgan qualifies as a national banking association operating branches in Florida and New York, but she does not identify the state in which JPMorgan has citizenship.

Plaintiff bears the burden of establishing subject matter jurisdiction, and she has not met that burden. The Complaint should therefore be dismissed without prejudice, with leave to file an amended complaint containing a short and plain statement establishing a valid basis for the Court's jurisdiction. Without subject matter jurisdiction, the Court cannot grant Plaintiff's Emergency Requests and Application. The Emergency Requests and the Application should therefore be denied without prejudice in light of the dismissal.

## II. EMERGENCY REQUESTS

As explained above, the absence of subject matter jurisdiction requires denial of the Emergency Requests. For the benefit of the District Judge, the undersigned alternatively recommends denying the Emergency Requests for the reasons set forth below.

Plaintiff requests several forms of emergency injunctive relief. Through the Complaint, Certificate of Emergency, and supporting affidavit, Plaintiff seeks orders requiring the preservation and production of JPMorgan's records, forensic mirroring of electronic devices and third-party systems, restoration of her clinical-billing lines, and an expedited hearing concerning

an alleged housing emergency. (DE 1 at 4–6, DE 4 at 1, DE 5 at 1–3). Plaintiff also asks the Court to enjoin CubeSmart's September 13, 2026 auction and again requests forensic mirroring. (DE 7 at 1, DE 8 at 1). Although the Complaint names only JPMorgan as a Defendant, Plaintiff's Emergency Requests seek relief against CubeSmart and numerous other nonparties. (DE 1 at 1, DE 4 at 1, DE 5 at 1–3, DE 7 at 1, DE 8 at 1).

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders ("TROs"). A court may grant a preliminary injunction if the movant demonstrates (1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered unless the injunction issues, (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). A preliminary injunction constitutes an extraordinary and drastic remedy not to be granted unless the movant clearly establishes all four requisites. *Id.*

Rule 65(a)(1) permits a court to issue a preliminary injunction only on notice to the adverse party. Here, the filings and docket do not reflect notice to any Defendant. The Court therefore cannot issue a preliminary injunction. Because Plaintiff seeks emergency relief before Defendants can be heard, she must establish all four preliminary injunction requirements, as well as the additional requirements for a TRO without notice under Rule 65(b)(1), which provides as follows:

> (b) Temporary Restraining Order
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Plaintiff has not satisfied Rule 65(b)(1) for two reasons. First, none of the Emergency Requests identifies any effort to provide notice to JPMorgan, CubeSmart, or the other entities against which Plaintiff seeks relief or explains why notice should not be required. (DE 4, DE 5, DE 7, DE 8). Plaintiff therefore has not satisfied Rule 65(b)(1)(B).

Second, except for the alleged CubeSmart auction, Plaintiff's allegations describe past, ongoing, or speculative financial, medical, housing, and electronic harms without showing that an irreparable injury will occur before the affected parties can respond. (DE 4 at 1, DE 5 at 1–3, DE 7 at 1, DE 8 at 1). Although Plaintiff identifies September 13, 2026 as the date of the CubeSmart auction, the Complaint names only JPMorgan as a Defendant and asserts no claim against CubeSmart or the other nonparties from which she seeks relief. (DE 1 at 1, 3). Plaintiff also alleges no facts showing that those nonparties fall within any category identified in Rule 65(d)(2). Thus, even if the auction allegation satisfies Rule 65(b)(1)(A), the Court cannot grant the requested relief against CubeSmart.

These deficiencies preclude the Court from issuing a TRO. The Court therefore need not address the four preliminary injunction requirements. Plaintiff's Emergency Requests should be denied.

## III. APPLICATION

As explained above, the absence of subject matter jurisdiction requires denial of the Application. For the benefit of the District Judge, the undersigned alternatively recommends that the Application be denied.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed in forma pauperis. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). Before granting relief, a court must first examine "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Upon review, the Court finds that the Application does not provide sufficient information to determine whether Plaintiff satisfies the poverty requirement. Plaintiff identifies a current employer but reports zero gross and take-home wages without explaining her employment status or whether she expects to receive future wages. (DE 3 at 1). She instead directs the Court to the following page, which provides no wage information. (DE 3 at 1–2). Plaintiff also reports receiving business, professional, or other self-employment income during the preceding twelve months. (DE 3 at 1). Although the form directed her to disclose the amount received and the amount she expects to receive from that source, she provided neither amount. Without this information, the Court cannot accurately compare Plaintiff's income, assets, expenses, and liabilities or determine whether she can pay the filing fee. Accordingly, Plaintiff has not established entitlement to proceed in forma pauperis, and the Application should be denied.

Any renewed application must fully explain her financial circumstances and must disclose Plaintiff's income, assets, expenses, and liabilities, including all business income. To do so, Plaintiff should complete and file the long-form financial affidavit, which is available from the Clerk's Office and on the Court's website (accessible here: https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form).

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. Plaintiff's Complaint (DE 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
2. Plaintiff's Emergency Requests (DE 1, DE 4, DE 5, DE 7, DE 8) be **DENIED WITHOUT PREJUDICE** because the Court lacks subject matter jurisdiction and, alternatively, because Plaintiff has not satisfied Fed. R. Civ. P. 65(b)(1).
3. Plaintiff's Application (DE 3) be **DENIED WITHOUT PREJUDICE** because the Court lacks subject matter jurisdiction and, alternatively, because the Application does not provide sufficient information to determine whether Plaintiff satisfies the poverty requirement.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties

from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of September 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE