UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-81129-EA

JIMMY LAFAILLE,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

Defendant.

_________________________________________/

**REPORT AND RECOMMENDATION**

On September 8, 2026, Plaintiff Jimmy LaFaille filed a Complaint against JP Morgan Chase Bank, N.A. ECF No. 1. The same day, she filed a motion for leave to proceed *in forma pauperis*. ECF No. 3. Subsequently, Plaintiff filed emergency motions for temporary restraining orders. ECF Nos. 7, 8. Magistrate Judge Ryon McCabe issued a report and recommendation, which U.S. District Judge Ed Artau adopted. ECF Nos. 10, 13. Plaintiff filed two emergency notices with the Court on October 7, 2026. ECF Nos. 14, 15. I decertified the emergencies. ECF No. 17. Judge Artau then referred the case to me for all pretrial matters. ECF No. 16. For the following reasons, I recommend that all pending motions be **DENIED** without prejudice, but without leave to amend, and the case be consolidated into case number 26-CV-81082.

## I. PROCEDURAL POSTURE

Plaintiff filed over twenty-five cases in the Southern District of Florida.[1] Each of these filings contained cases against, collectively, dozens of Defendants, alleging predominantly civil Racketeer Influence and Corrupt Organizations Act ("RICO") violations. In these cases, Plaintiff moved to proceed *in forma pauperis*. *See, e.g.*, CECF No. 3.[2] In some of these cases, Plaintiff was directed to file an Amended Complaint and an Amended Motion for Leave to proceed *in forma pauperis*. *See, e.g.*, CECF Nos. 9, 10. She did not timely refile either document. However, Plaintiff filed numerous motions seeking emergency relief, including protective orders, temporary restraining orders, and injunctions, among others. *See, e.g.* CECF Nos. 5, 14. I decertified the emergencies and told Plaintiff that continuing to file emergency motions that did not constitute an emergency may result in sanctions. *See, e.g.,* CECF No. 14. Plaintiff continued filing emergency motions. So, I ordered Plaintiff appear for a hearing on September 23, 2026. CECF No. 16.

---

[1] Southern District of Florida case numbers: 26-CV-81120-BER, 26-CV-81123-BER, 26-CV-81140-BER, 26-CV-81116-BER, 26-CV-81126-BER, 26-CV-81153-BER, 26-CV-81125-BER, 26-CV-81154-BER, 26-CV-81128-BER, 26-CV-81138-BER, 26-CV-81148-BER, 26-CV-81142-BER, 26-CV-81087-BER, 26-CV-81117-BER, 26-CV-81127-BER, 26-CV-81147-BER, 26-CV-81119-RMM, 26-CV-81149-RMM, 26-CV-81145-RMM, 26-CV-81156-RMM, 26-CV-81143-RMM, 26-CV-81150-RMM, 26-CV-81121-RMM, 26-CV-81141-RMM, 26-CV-81007-RMM, 26-CV-81122-RMM, 26-CV-81137-RMM, 26-CV-81078-AMC, 26-CV-81085-EA, and 26-CV-81129-EA.

[2] References to docket entries on Southern District of Florida consolidated case 26-CV-81082 will cite "CECF No."

In the hearing, I informed Plaintiff that her complaints did not state a claim upon which relief could be granted. After discussion, she explained that she was attempting to file a single RICO case against all Defendants across the various cases. As a result, I told Plaintiff that, if that was her goal, she should refile a single amended RICO complaint against all Defendants. *See, e.g.,* CECF No. 19. I entered an order explaining my ruling. *Id.* Further, with Plaintiff's agreement at the hearing, most of her cases were consolidated into case number 26-CV-81082. CECF Nos. 19, 20.

Subsequently, Plaintiff filed an Amended Complaint and moved for leave to proceed *in forma pauperis* in the consolidated case. CECF No. 22, 26. That Amended Complaint included her claims against Defendant JP Morgan Chase Bank, N.A. CECF No. 22. The Amended Complaint also asked for emergency relief against various Defendants, including JP Morgan Chase Bank, N.A. *Id.* I granted her amended motion for leave to proceed *in forma pauperis*. CECF No. 31.

## II. ANALYSIS

Plaintiff's Amended Complaint incorporates her RICO claim against J.P. Morgan Chase Bank, N.A.[3] Similarly, Plaintiff was granted *in forma pauperis* status in the consolidated case, which includes JP Morgan Chase Bank, N.A. CECF No. 26, 31.

Therefore, I recommend that all pending motions in Case No. 26-CV-81129 be **DENIED**. Because Plaintiff's amended requests can be addressed in the consolidated case where the Amended Complaint has already been filed, I recommend that Judge

[3] Plaintiff attempts to integrate her previous complaints into her Amended Complaint. CECF No. 22. This situation will be discussed in my filing on the consolidated case.

Artau consolidate this case with Southern District of Florida case number 26-CV-81082 for further adjudication.

**REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** all pending motions without prejudice, but without leave to amend, and consolidate this case with Southern District of Florida case 26-CV-81082 for further adjudication on the merits.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of October 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE